IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NAFESE KELLY-SIZER,          )     Case No. 1:24-cv-201
                       )
    Petitioner          )
                       )
    v.                )     RICHARD A. LANZILLO
                       )     Chief United States Magistrate Judge
                       )
WARDEN OF SCI-FOREST, *et al.*,  )     MEMORANDUM OPINION ON
                       )     PETITION FOR WRIT OF HABEAS
    Respondents.      )     CORPUS (ECF NO. 1)
                       )
                       )

MEMORANDUM OPINION

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Nafese Kelly-Sizer pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons set forth herein, the petition will be denied, and no certificate of appeal will issue.

I.     Procedural History

Petitioner is serving a sentence of six to 15 years' incarceration imposed on May 27, 2010, by the Court of Common Pleas of Delaware County at Docket Number CP-23-CR-0001116-2010, following his conviction of criminal attempt (murder). His maximum sentence date was November 28, 2024.

He was released on parole on November 29, 2015.

On September 5, 2021, Petitioner was convicted on a federal charge of possession of ammunition by a felon. *United States v. Kelly-Sizer*, Crim. A. No. 20-297 (E.D. Pa.). He served a federal sentence.

On April 18, 2023, the Pennsylvania Parole Board ("the Board") recommitted Petitioner as a convicted parole violator and ordered him to serve a recommitment period of 18 months. The

1

Board did not award Petitioner credit for the time he spent at liberty on parole. His new maximum sentence date was determined to be May 9, 2031.

Petitioner filed an administrative appeal from the Board's decision, which was unsuccessful. That decision was mailed on January 22, 2024.

Petitioner commenced this litigation on July 10, 2024, when he mailed his petition.[1] ECF No. 1 at 14. Therein, Petitioner asserts that the Board's April 18, 2023, decision was a violation his constitutional rights. Respondents filed an Answer. ECF No. 8. Petitioner filed a Reply. ECF No. 12.

The petition is ripe for review.

II.    Jurisdiction

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

III.    Analysis

A.    Exhaustion

Respondents argue that Petitioner's claims must be dismissed for failure to exhaust his state court remedies because Petitioner did not appeal the Board's decision in the Commonwealth Court of Pennsylvania. State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C § 2254(b)(1)(A)). In *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim,

---

[1] At that time, Petitioner was incarcerated at the State Correctional Institution at Forest; he appears to be currently incarcerated at the State Correctional Institution at Waymart.

Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement that applies to other constitutional claims. *Id.*

The continuing validity of *Defoy* has been called into question. *See, e.g., Begandy v. Pennsylvania Bd. of Prob. & Parole*, 2021 WL 1986415, at *4 (W.D. Pa. May 18, 2021); *Bradley v. Wingard*, 2017 WL 11476608, at *1 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018). But the Court need not consider in this case whether *Defoy* is still good law because Petitioner's claim has no merit and because it is more efficient for the Court to deny it on that basis. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (holding that a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits"); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion."); *Lee v. Pennsylvania Bd. of Prob. & Parole*, 2019 WL 5191968, at *2 (W.D. Pa. Oct. 15, 2019); *see also* 28 U.S.C § 2254(b)(2).

B.    Merits

Petitioner claims that the Board's failure to grant him credit for his time at liberty and the extension of his maximum sentence date constitute an illegal alteration of his judgment of sentence in violation of the *ex post facto* and due process clauses of the United States Constitution. He also argues that these actions constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. These claims are not cognizable in a federal habeas action.

The Board recalculated Petitioner's maximum sentence date under state statutory authority to revoke street time credit for parole violators. *See* 61 Pa.C.S. § 6138. For decades, the Board's statutory recalculation power—which extends maximum dates when parolees commit new

crimes—has been recognized to raise no federal constitutional concerns. *United States ex rel. Heacock v. Myers*, 367 F.2d 583 (3d Cir. 1966) (expressing "complete accord" and affirming opinion of district court in *United States ex rel. Heacock v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa. 1966) ("[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.")). *See also Rivera v. Pa. Bd. of Prob. & Parole*, Civ. A. No. 12-1169, 2013 WL 5947728, at *6 (M.D. Pa. Nov. 5, 2013) (citing cases recognizing the constitutionality of Pennsylvania's parole statute). It is axiomatic that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although Petitioner invokes the Fourteen and Eighth Amendments, the merits of his claims implicate neither. The Petition therefore fails to raise any ground upon which he may be found to be in custody in violation of the Constitution or other federal law

Accordingly, Petitioner is not entitled to habeas relief on the claims raised. His petition will be denied.

IV.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because

reasonable jurists would not disagree with the conclusion that Petitioner's claims fail on their merits, a certificate of appealability will be denied with respect to his claims.

An appropriate order follows.

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: April 27, 2026